FILED

2008 Feb-14  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RENEE RITCHEY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:07-CV-1844-RDP** |
| | } | |
| **SOUTHERN NUCLEAR** | } | |
| **OPERATING COMPANY, INC.;** | } | |
| **DUANE BROCK,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendants Southern Nuclear Operating Company, Inc. ("Southern Nuclear") and Duane Brock's ("Brock") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. #6).

In this unlawful employment practices case, Plaintiff has brought seven claims against Defendants.  (Doc. #1).  Defendants have moved to dismiss the only two claims alleged against Brock (retaliation and intentional infliction of emotional distress) and the intentional infliction of emotional distress claim brought against Southern Nuclear.  Plaintiff has conceded that her retaliation claim against Brock is due to be dismissed.  (Doc. #9).  Accordingly, the court's analysis focuses on whether Plaintiff's complaint states a claim of intentional infliction of emotional distress against either Defendant.  For the reasons outlined below, Defendants' motion is due to be denied as to the intentional infliction of emotional distress claims.

## I.      Standard of Review for a Motion to Dismiss

On a motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S.

411, 421-22 (1969).  A motion to dismiss may be granted under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007).  That is, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."  *Id.*  The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a).  Moreover, the court must, "at this stage of the litigation, . . . accept [plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Stephens v. HHS*, 901 F.2d 1571, 1573 (11th Cir. 1990); *South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n. 10 (11th Cir. 1996) (finding that conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss).  A plaintiff must meet an "exceedingly low" threshold to withstand a Rule 12(b)(6) motion.  *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).

## II.      Facts Alleged by Plaintiff in Support of her Claims of Intentional Infliction of Emotional Distress.

Although discovery has not commenced, Plaintiff has alleged in her complaint that she is a White female over the age of 40, that she has been a Senior Engineer with Southern Nuclear for over 30 years, and that she was subjected to gender and age discrimination as well as retaliation for complaining of discrimination.  At this stage of litigation, the court must accept these allegations as true.

Defendants contend that Plaintiff has failed to state a claim for intentional infliction of emotional distress or "outrage," because she has failed to allege sufficient facts to support her claim. To prevail on a claim for outrageous conduct, a plaintiff must establish:  (1) that the defendant's

conduct was intentional or reckless; (2) that it was extreme and outrageous; and (3) that it caused emotional distress so severe that no reasonable person could be expected to endure it. *Ex parte Crawford & Co.*, 693 So.2d 458, 460 (Ala.1997). In this case, Plaintiff has alleged that she was subjected to gender and age discrimination as well as retaliation for complaining of discrimination. *Henry v. Georgia-Pacific Corp.*, 730 So.2d 119, 121 (Ala.1998).

To be sure, there is a high threshold of <u>proof</u> for an outrage cause of action under Alabama law. Nevertheless, "Alabama courts have recognized the validity of such claims in the employment context in appropriate circumstances." *Lees v. Sea Breeze Health Center, Inc.*, 391 F.Supp.2d 1103, 1107 (S.D. Ala. 2005); *see also American Road Service Co. v. Inmon*, 394 So.2d 361, 364 (Ala. 1981) (observing that "an employer, by virtue of his position, possesses no roving license to treat his employee in an extreme and outrageous manner, whether before, during, or after their relationship"). Of course, Alabama courts have stressed that "[i]t would be intolerable in a civilized society to hold that an employer is guilty of outrageous conduct for merely discharging an employee at will." *Harrell v. Reynolds Metals Co.*, 495 So.2d 1381, 1387 (Ala. 1986).

A careful review of the caselaw illuminates the salient question: has Plaintiff alleged, and can she demonstrate, that the termination of her employment was for a reason that contravenes public policy? Whether the discharge is actionable may tuenl on whether it was the culmination of a protracted pattern of discrimination in violation of public policy and accompanied by the "sound of fury" (which may be actionable) or whether Plaintiff's claim is more of a "garden variety" discrimination claim (which is not actionable). *Compare Lees v. Sea Breeze Health Care Center*, 391 F.Supp.2d 1103 (S.D. Ala. 2005) (finding that outrage claim not cognizable if termination is "not for a reason which contravenes public policy," and if termination was not accompanied by

3

"sound of fury");  *Wyatt v. BellSouth, Inc.*, 998 F.Supp. 1303, 1312 (M.D. Ala. 1998) (noting that under Alabama law, "the discharge of an employee rises to the level of the tort of outrage only if the discharge violates public policy"); *Rice v. United Ins. Co. of America*, 465 So.2d 1100, 1102 (Ala. 1984) (holding that trial court erred in dismissing outrage claim where pregnant employee claimed employer discriminated because of her pregnancy by engaging in a pattern of conduct over a period of several months aimed at forcing her to leave her job, thereby violating plaintiff's federally protected right to be free from discrimination based on sex); *Cunningham v. Dabbs*, 703 So.2d 979, 983 (Ala.Civ.App. 1997) (finding jury question on outrage claim where plaintiff did not claim wrongful discharge of at-will employee, but instead alleged a pattern of harassment and a termination of employment in violation of her fundamental right to marry) *with Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F.Supp.2d 1314, 1319 (N.D. Ala. 2002) (finding that allegations of pregnancy discrimination with regard to overtime hours, scrutiny and termination over a period of eight days are "not sufficiently egregious, as a matter of law, to support a cause of action for outrage under Alabama law"); *Bell v. Eufaula City Bd. of Educ.*, 995 F.Supp. 1377, 1387 (M.D. Ala. 1998) (holding that forced transfer of teacher to new teaching team, even if done for reasons motivated by race, gender or age, does not constitute "egregious" conduct under Alabama law for purposes of outrage claim); *Stabler v. City of Mobile*, 844 So.2d 555, 562 (Ala. 2002) (holding that employer's act of writing a letter for the purpose of attacking and criticizing employee was not so outrageous in character or extreme in degree as to exceed all possible bounds of decency).

Applying the appropriate standard of review at this stage of the litigation, the court cannot say with sufficient certainty which of these two lines of cases control here.  Accordingly, the court finds it appropriate at this time to allow these claims to proceed.  Defendants are free to challenge

the sufficiency of proof as to these claims at a later stage in the proceedings once the factual bases of these claims have been developed.[1]

      **DONE** and **ORDERED** this _____14th_____ day of February, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

    [1]The court is fully aware of the Eleventh Circuit's decisions in *Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287 (11th Cir. 2007) and *Tinker v. Beasley*, 429 F.3d 1324 (11th Cir. 2005).  However, those cases are not instructive in evaluating a 12(b)(6) challenge to outrage claims because in those cases, the court was reviewing the grant and denial of *summary judgment*. The court simply believes these issues will be more appropriately decided in the context of Rule 56.  Plaintiff should not perceive that this decision suggests that the court's ruling will be the same if and when the parties flesh out the facts through discovery and readdress this issue again on summary judgment.