FILED
2008 Oct-08 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RENEE RITCHEY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:07-CV-1844-RDP** |
| | } | |
| **SOUTHERN NUCLEAR OPERATING COMPANY, INC.; DUANE BROCK,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Emergency Motion for Immediate Instatement and/or for Injunctive Relief to Prevent Further Damage to the Plaintiff (which the court views as a motion for preliminary injunction).[1] (Doc. #19). For the reasons discussed below, Plaintiff's motion is due to be denied.

In this unlawful employment practices case, Plaintiff has brought seven claims against Defendants. (Doc. #1). Plaintiff has asserted claims under Title VII, the Equal Pay Act, the Age Discrimination in Employment Act and Alabama state law. (Doc. #1). Plaintiff's current motion seeks to enjoin Defendant Southern Nuclear Operating Company from what she asserts is further

[1] Plaintiff's counsel is directed to familiarize herself with this court's "Exhibit B," which was issued in this case on December 13, 2007 (including the provision that "days should be calculated without taking into account Fed.R.Civ.P. 6."). Further, Defendants' Motion to Strike (Doc. #22) correctly details the deficiencies and/or procedural problems with Plaintiff's submissions in relation to her Emergency Motion. Despite these problems with Plaintiff's submissions, this court presently prefers to rule on the merits of the issues before it than to pretermit consideration of the merits on technical grounds.

retaliation by directing it to hire her for one of the positions for which she has applied and to otherwise prevent further damage to Plaintiff. (Doc. #19 at 4-5).

## I. Factual Background

Plaintiff is an employee of Defendant Southern Nuclear. (Doc. #20, Ex. 1). She was employed as an Engineer. (Doc. #19 at 1). On or about August 8, 2006, Plaintiff went on long-term disability ("LTD") leave and began receiving LTD benefits. Pursuant to Defendant Southern Nuclear's Disability Leave of Absence Policy ("DLOA"), because she was receiving LTD benefits, Plaintiff was placed on leave. Under the DLOA policy, Plaintiff was entitled to up to 24 months of leave. (Doc. #20 Ex. 2 and 3).

Under Defendant's DLOA policy, employees seeking to return to work from disability leave are required to identify vacant positions and apply for those positions. (Doc. #20, Ex. 2). Specifically, the policy provides:

> Except as it may otherwise be addressed in Section IV, it is the responsibility of an employee seeking to return to active employment before the end of the Disability Leave of Absence to identify an available vacant position and apply for that position. Prior to being offered an available vacant position, the employee must be qualified and able to perform the duties of that position. Nothing in this policy shall require any Southern Company entity to hold open the job of an employee who goes on a Disability Leave of Absence or to find a job for an employee who is returning from a Disability Leave of Absence.

Doc. #20, Ex. 1 at Ex. A, p. 2-3).

On July 1, 2008, approximately one month before Plaintiff's LTD benefits were due to terminate and her DLOA leave set to expire, Plaintiff's counsel contacted Southern Nuclear's counsel regarding the procedures for Plaintiff to return to work. (Doc. #20, Ex.4). On July 14, 2008, Southern Nuclear's counsel advised Plaintiff's counsel that Plaintiff, like all employees returning

from DLOA leave, would be required to contact Southern Nuclear's Safety and Health department ("S&H") and that once Plaintiff contacted S&H, Plaintiff would be sent a letter outlining the return-to-work process in more detail. (Doc. #20, Ex. 5). On July 15, 2008, Southern Nuclear's counsel directed Plaintiff's counsel to the terms of Southern Nuclear's DLOA policy which had previously been produced to Plaintiff in this litigation. (Doc. #19, Ex. 4).

Plaintiff contacted S&H on July 15, 2008 and submitted her first job application on August 19, 2008. (Doc. #20, Ex. 1). Plaintiff has applied for a number of positions and, as of the briefing of the issues raised in Plaintiff's motion, she is still under consideration for five of those positions. (Doc. #20, Ex. 2). Ordinarily, employees returning from LTD leave have sixty days to find another position. Employees who do not find another position are discharged. However, Southern Nuclear generally will allow an employee to remain employed for a short period beyond the sixty days if the employee still is being considered for an open position. (Doc. #20, Ex. 2).

The record contains virtually no evidence regarding the particulars of the positions for which Plaintiff applied, other than that they are engineer positions at various levels. The record is further devoid of any information regarding how Plaintiff's qualifications and experience compare to the requirements of these positions or stack up against other applicants' qualifications or experience.

## II. Prerequisites to Injunctive Relief.

Plaintiff seeks the equivalent of a preliminary injunction ordering Defendant to hire Plaintiff into one of the positions she has applied for and continue her retirement benefits. "The grant or denial of a preliminary injunction is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *McAteer v. Riley*, 2008 WL 898932, * 2 (M.D. Ala. 2008) (quoting *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002)). "The preliminary

injunction is an extraordinary and drastic remedy not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites." *McAteer*, 2008 WL 898932 at *2 (quoting *NE Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990)). The four prerequisites a plaintiff must establish to be entitled to a preliminary injunction are: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest." *McAteer*, 2008 WL 898932 at *2 (quoting *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001)).

**A. Plaintiff Has Not Shown A Substantial Likelihood of Success on the Merits.**

Plaintiff argues that she has shown a substantial likelihood of success on the merits of her retaliation claim because she has presented evidence which establishes a prima facie case of retaliation. She further argues that Defendant's DLOA policy has a disparate impact on a protected class in that it allegedly screens for disability and the exercise of rights under the Family and Medical Leave Act. Taking the second part of Plaintiff's argument first, Plaintiff's Complaint states neither a claim under the Americans with Disabilities Act,[2] nor a claim under the FMLA. (Doc. #1). Plaintiff cannot show a substantial likelihood of success on claims which have not even been asserted in this case.

As to the argument that Plaintiff has presented evidence establishing a substantial likelihood of success on the merits of a retaliation claim, Plaintiff only addresses whether she has established

[2]Similarly, neither of Plaintiff's two EEOC charges, which are attached to Plaintiff's Complaint, allege disability discrimination.

a prima facie case of retaliation. Plaintiff must do more than establish a prima facie case to succeed on a retaliation claim.

"[T]o show retaliation, a plaintiff must establish that: (1) [s]he engaged in statutorily protected expression; (2) h[er] employer subjected h[er] to an act that would have been materially adverse to a reasonable employee or job applicant; and (3) there is some causal relation between the two events." *Washington v. Bellsouth Telecommunications, Inc.*, 2008 WL 2656277 * 2 (11th Cir. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) and *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002)).[3]

If Plaintiff presents evidence establishing a prima facie case, the analysis does not stop there. If the prima facie case is established, "the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. ... If articulated, the plaintiff must show that the defendant's reason was pretextual." *Washington*, 2008 WL 2656277 at * 2-3 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973)). "If a plaintiff makes a prima facie showing of discrimination, and the employer offers a legitimate, nondiscriminatory reason for the employment

---

[3]Plaintiff cites *Jones v. Alabama Power Co.*, 2007 WL 3496720 (M.D. Ala. 2007) for the proposition that to establish a prima facie case of retaliatory failure to hire, Plaintiff must only prove "that (1) he or she 'applied for a particular position (2) which was vacant and (3) for which [he or] she was qualified' and further that (4) he or she 'was not hired for that position.'" *See* Doc. #21 at 2; *Jones*, 2007 WL 3496720 at *9 (citing *Velez v. Janssen Ortho, LLC*, 467 F.3d 802 (1st Cir. 2006)). However, a close reading of *Jones* reveals that these four elements are required to establish the second element of a traditional retaliation prima facie case, *i.e.* the "suffered an adverse employment action" element. *Jones*, 2007 WL 3496720 at * 9. Plaintiff must also establish that she engaged in statutorily protected expression and that that expression and the adverse employment action were causally related. *Id.; see also Duncan v. Washington Metropolitan Area Transit Authority,* 425 F.Supp. 2d 121, 129 (D. D.C. 2006) ("On a retaliatory failure to hire claim, the plaintiff's prima facie case encompasses the three elements of an ordinary retaliation claim, ... . The plaintiff must also establish two additional elements: (4) that he applied for the available job, and (5) that he was qualified for the position.").

action, the plaintiff must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were pretextual." *Washington*, 2008 WL 2656277 at * 2-3 (citing *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997)). "Conclusory allegations, without more, are insufficient to show pretext." *Washington*, 2008 WL 2656277 at * 3 (citing *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996)).

Plaintiff's discussion of a prima facie case on her retaliation claim completely fails to address protected conduct and causation. This may be the case because not even timing is on her side. As addressed by another member of this court, "Although close temporal proximity may satisfy the causation element of the prima facie case, 'if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law.'" *Drake-Sims v. Burlington Coat Factory Warehouse of North Birmingham*, CV-07-J-670-S (N.D. Ala. 2008) (citing *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)). Plaintiff's EEOC charges were filed in 2005 and 2006. This litigation was initiated a year ago in October 2007. The decisions at issue here are still being made. "A three to four month disparity between statutorily protected expression and the adverse employment action is not enough." *Thomas*, 506 F.3d at 1364.

Plaintiff failed to address causation in her submissions. Causation is an essential element of a retaliation claim. Therefore, Plaintiff has failed to establish a substantial likelihood of success on the merits of a retaliation claim regarding the decisions she seeks to enjoin in her motion.

**B. In This Circuit, Plaintiff Is Entitled to A Presumption that Irreparable Harm Will Occur Should the Injunction Not Be Granted.**

"In this Circuit, ..., courts are to presume irreparable harm in Title VII cases." *Baker v. Buckeye Cellulose Corp.,* 856 So.2d 167, 169 (11th Cir. 1988). Were the court's decision on the

request for a preliminary injunctive relief to be based solely upon this issue, "the court should conduct an evidentiary hearing before granting or denying the motion." *Baker,* 856 So.2d at 169. However, for the reasons discussed above, Plaintiff has failed to establish the first of the four prerequisites to injunctive relief. Therefore, because a finding regarding the existence of irreparable harm is not necessary to the court's decision, neither is an evidentiary hearing.

**C. The Threatened Injury to the Movant Does Not Outweigh the Proposed Damage the Injunction May Cause the Nonmovant.**

Plaintiff remains under consideration for five jobs for which she has applied. Plaintiff has not presented this court with evidence to determine whether she is the most qualified candidate for these positions, or even enough evidence to determine whether she is qualified for the positions at issue. Plaintiff, like all other employees returning from disability leave, is subject to Defendant's facially neutral policies regarding re-employment.

Plaintiff has argued that she may be either forced to "take retirement or lose her 30-year retirement benefit." (Doc. #21 at 10). However, she has presented the court with nothing more than bare arguments on this issue. It is important to note that "Title VII does not require that the employer's decision be rational or that an employer hire or promote the most qualified applicant, nor does it even guarantee success for those having greater merit. Title VII only requires that the employer make such decisions without regard to race, sex, religion, color, or national origin [or protected conduct]." *Smith v. Alabama Dept. of Public Safety*, 64 F.Supp. 2d 1215, 1228 (M.D. Ala. 1999) (quoting *Harris v. Delchamps, Inc.*, 5 F.Supp. 2d 1316, 1321 (M.D. Ala. 1998) (citing *Gilchrist v. Bolger*, 733 F.2d 1551, 1553 (11th Cir. 1984))). "Employers have the freedom to make unwise, unsound, or even irrational decisions, and courts do not sit as super-personnel boards."

*Tarrance v. Montgomery County Bd. of Educ.*, 157 F.Supp. 2d 1261, 1263 (M.D. Ala. 2001) (citing *Smith*, 64 F.Supp. 2d at 1228 and *Harris*, 5 F.Supp. 2d at 1321). Plaintiff's request for instatement to the positions for which she has applied without being required to follow the regular hiring process not only seeks to interfere with Defendant's decision-making freedom, but also seeks more favorable treatment for Plaintiff than for other qualified candidates. *E.g., Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("Title VII ... does not demand that an employer give preferential treatment ... .").

Under the circumstances, Plaintiff has not shown that the potential injury to her necessarily outweighs the damage the requested injunction may impose on Defendant Southern Nuclear.

**D. Granting the Injunction Will Not Disserve Public Interest.**

Arguments exist in favor of each side as to whether granting the requested relief in this case would promote the public interest. However, this issue is not dispositive of the motion before the court.

## II. Conclusion

In conclusion, in light of Plaintiff's failure to clearly carry the burden of persuasion on the four prerequisites, a balancing of the equities calls for denial of the preliminary injunction requested by Plaintiff. Accordingly, Plaintiff's Emergency Motion for Immediate Instatement and/or for Injunctive Relief to Prevent Further Damage to the Plaintiff (Doc. #19) is due to be denied.[4]

[4]The court is quick to note that the denial of this preliminary relief is not an indication of how these issues may be resolved on the merits.

**DONE** and **ORDERED** this 8th day of October, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE